## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

COTRELL KNIGHT, et al.[1],

Petitioners,

v.

CASE NO. 24-3189-JWL

JARED SCHECHTER, et al.[2],

Respondents.

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Phyllis M. Knight on behalf of her son, Cotrell Knight, who is detained at the Sedgwick County Detention Center in Wichita, Kansas. Liberally construed, the petition alleges that on the morning of October 18, 2024, members of the Sedgwick County Police Department and/or the City of Wichita's police department arrested Mr. Knight on the basis of an alleged warrant issued by a state court in Omaha, Nebraska. (Doc. 1, p. 1, 6.) The petition further asserts that Mr. Knight was not presented with the arrest warrant at the time of his arrest, he was "taken straight to jail," and he "was not taken before a judge or magistrate with all practicable speed." *Id.* at 6, 8. As relief, the petition seeks an order that Mr. Knight be released from custody. *Id.* at 14.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition

---

[1] As explained in this order, it is not clear whether Cotrell Knight or Phyllis M. Knight will be prosecuting this action. Thus, the Court has directed the clerk to enter both individuals as petitioner in this matter so that both will receive this order. Upon receipt of further information, the Court may issue further orders regarding the named parties in this action.

[2] The petition names Jared Schechter and Kris Kobach as Respondents. Generally, the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). In this matter, however, it appears that Petitioner may be held pursuant to a warrant issued by a Nebraska state court, which could affect who should be named as the proper respondent. Because it is not clear whether this matter will proceed, the Court defers the determination of the proper respondent until a later time.

upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. The Court liberally construes pro se pleadings, but it may not act as a pro se litigant's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and it "'may not rewrite a petition to include claims that were never presented,'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

There are several potential problems with the claims made and relief requested in the petition filed in this matter. First, however, the Court must determine whether it has jurisdiction to examine those claims. "It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Article III of the United States Constitution gives this Court jurisdiction "only over 'cases and controversies.'" *Id.* at 154-55. In general, to establish Article III standing, "a litigant first must clearly demonstrate that he [or she] has suffered an 'injury in fact'"; second, must show that the injury "'fairly can be traced to the challenged action'[; and third, must show that the injury] 'is likely to be redressed by a favorable decision.'" *Id.* at 155 (citations omitted).

Standing is not usually a point of contention in cases seeking relief under 28 U.S.C. § 2254. The first subsection of that statute provides that this Court, among others, "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Simply put, the injury underlying a §2254

2

matter is the violation of the state prisoner/petitioner's federal constitutional rights, the alleged violation can be traced to the allegedly unconstitutional conviction for which the petitioner is held in custody, and an order vacating the conviction at issue would redress the injury.

In this matter, however, Mr. Knight—who is the person in custody—did not sign or file the petition for federal habeas relief. Rather, his mother signed the petition and presented it to the Court for filing. Thus, the Court must determine who is the actual applicant for relief and whether he or she has standing to bring this case.

If Mr. Knight wishes to seek federal habeas relief[3] on his own behalf and assert that his detention by the State of Kansas is unconstitutional, the facts now before the Court reflect no reason to question that he has standing to do so. But he must complete and sign a petition on the required, court-approved form and submit it to this Court for filing under this case number. The Court will direct the clerk to mail the form petition to Mr. Knight at the Sedgwick County Detention Center. Mr. Knight will be granted time in which to submit a signed petition and, if he does so, this matter will proceed with Mr. Knight as the sole Petitioner and the Court will conduct the Rule 4 review of the petition Mr. Knight files in this case. If Mr. Knight does not wish to pursue federal habeas relief at this time, he may so advise the Court in writing and this matter will be dismissed.

It may be, however, that Ms. Knight intends to pursue federal habeas relief *on behalf of* her

---

[3] This matter was filed on the required, court-approved form for petitions seeking relief under 28 U.S.C. § 2254. To obtain habeas corpus relief under § 2254, a petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court under § 2254, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). But even liberally construing the petition, it does not challenge a Kansas conviction. Rather, it appears to challenge Kansas law enforcement's arrest and detention of Mr. Knight on the basis of an alleged warrant issued in Nebraska. Such an argument is more properly brought under 28 U.S.C. §  2241, so the Court will direct the clerk to mail to Mr. Knight the required, court-approved forms for a federal habeas petition under § 2241 as well.

son; in effect, she may wish to stand in her son's place—although he remains as the real party in interest—and pursue relief for him in this action. This understanding is supported by the petition before the Court, which has been executed and signed only by Ms. Knight. The petition includes a section that states:  "If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition." (Doc. 1, p. 14.) In this section, Ms. Knight has written:  "The prisoner is a POW. And in doing so [*sic*], pursuant to KSA 60-1507(a) the person signing petition is the parent of the prisoner detained, confined, and restrained of his liberty." *Id.*

Under the traditional test, it does not appear that Ms. Knight has standing to pursue federal habeas relief—the petition does not demonstrate that Ms. Knight has suffered an injury in fact that fairly can be traced to her son's arrest and detention and which is likely to be redressed by a favorable decision in this matter. *See Whitmore*, 495 U.S. at 154-55. Another type of standing may be available for Ms. Knight, however, if Mr. Knight is unable to seek relief on his own behalf. It is called "next friend" standing.

Next friend standing "has long been an accepted basis for jurisdiction in certain circumstances. Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore*, 495 U.S. at 162 (citations omitted). "A 'next friend' does not himself [or herself] become a party to the habeas corpus action in which he [or she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163.

That being said, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* Rather, the purported next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action,"

and (2) show that she is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Id.* (citations omitted); *see also Jiron v. Swift*, 671 Fed. Appx. 705, 706 (10th Cir. Dec. 13, 2016) (unpublished) (stating the requirements for establishing next friend standing). The United States Supreme Court has also recognized that "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64.

The person seeking next friend status bears the burden "clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164 (citations omitted). Even liberally construing the petition now before this Court, it does not explain why Mr. Knight cannot appear on his own behalf in this federal habeas action, other than broadly alleging that he is a prisoner of war. Thus, if Ms. Knight wishes to proceed in this matter as Mr. Knight's next friend, she must demonstrate to the Court that she meets the requirements to do so. The Court will grant Ms. Knight time to file a written response to this order that clarifies her anticipated role in this case and, if necessary, makes any argument regarding next friend standing. If Ms. Knight fails to timely file a response, she will be dismissed from this matter without further prior notice.

Finally, the Court notes that even if Ms. Knight makes a sufficient showing to be granted next friend status, she may be required to obtain counsel in order to pursue this action. *See Jiron v. Swift*, 2016 WL 8668503, *2 (D. Colo. Aug. 31, 2016) (unpublished) (holding that adult parent of inmate could not represent his child's interests in court and citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam)); *Gallegos v. Bravo*, 2011 WL 13195952, *3 (D. N.M. 2011) ("Because Mr. Peterson does not qualify as . . . Petitioner's 'next friend,' as a 'lay person,' he cannot 'participate in the unauthorized practice of law by filing petitions and briefs on behalf of another in violation of state and federal provisions governing the practice of law.'"). Thus, if

Ms. Knight seeks to proceed as Mr. Knight's next friend, she should advise the Court whether she intends to retain counsel.

The Court emphasizes that a "threshold inquiry into standing 'in no way depends on the merits of the . . . contention that particular conduct is illegal.'" *See Whitmore*, 495 U.S. at 155. Only if Ms. Knight sufficiently establishes standing to prosecute this action as a next friend or Mr. Knight files a petition that he has signed will the Court proceed with the required screening of the petition to determine whether it states a plausible claim for federal habeas relief.

## Conclusion

In summary, the petition now before the Court leaves unclear the roles that Phyllis and Cotrell Knight anticipate undertaking in this federal habeas proceeding. Thus, the Court must seek additional information and will grant the Knights time in which to provide that information. If Mr. Knight wishes to proceed on his own behalf, he must submit to the Court a petition that he has signed. The Court will direct the clerk to mail to Mr. Knight the required, court-approved form petitions by which he may seek federal habeas relief. If Mr. Knight does not wish to seek federal habeas relief at this time, he should so inform the Court and the matter will be dismissed.

Ms. Knight is directed to inform the Court, in writing, whether she intended the filing of the petition to conclude her participation in this case. If so, she will be removed from the case. If Ms. Knight seeks to bring the petition for federal habeas relief on Mr. Knight's behalf and continue participating in this matter as Mr. Knight's next friend, she must demonstrate to the Court that she should be granted next friend status. In addition, if Ms. Knight seeks next friend status, she should advise the Court whether she intends to retain counsel in this matter. If Ms. Knight fails to timely respond to this order, she will be dismissed from this matter without further prior notice.

**IT IS THEREFORE ORDERED** that Phyllis M. Knight and Cotrell Knight are granted to and including December 2, 2024 in which to respond to this order and provide the information requested herein. The clerk is directed to send Mr. Knight the court-approved form petitions for seeking relief under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED:   This 29th day of October, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge