IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**COTRELL KNIGHT, et al.,**

                             **Petitioners,**

        v.                                                  **CASE NO. 24-3189-JWL**

**JARED SCHECHTER, et al.,**

                             **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed by Phyllis M. Knight on behalf of her son, Cotrell Knight, who, at the time of filing, was detained at the Sedgwick County Detention Center in Wichita, Kansas. Liberally construed, the petition alleges that on the morning of October 18, 2024, members of the Sedgwick County Police Department and/or the City of Wichita's police department arrested Mr. Knight on the basis of an alleged warrant issued by a state court in Omaha, Nebraska. (Doc. 1, p. 1, 6.) The petition further asserts that Mr. Knight was not presented with the arrest warrant at the time of his arrest, he was "taken straight to jail," and he "was not taken before a judge or magistrate with all practicable speed." *Id.* at 6, 8. As relief, the petition seeks an order that Mr. Knight be released from custody. *Id.* at 14.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. The Court liberally construes pro se pleadings, but it may not act as a pro se litigant's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's

1

attorney in constructing arguments," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and it "'may not rewrite a petition to include claims that were never presented,'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The Court conducted the Rule 4 review and found that additional information was required to determine whether it has jurisdiction over this matter. Thus, on October 29, 2024, the Court issued a memorandum and order (M&O) pointing out that only Ms. Knight signed the petition that she presented to the Court for filing. (Doc. 2, p. 3.) The Court explained that if Mr. Knight wishes to seek federal habeas relief on his own behalf, he must complete and sign a petition on the required, court-approved form, which was mailed to Mr. Knight. *Id.* If Ms. Knight intends to pursue federal habeas relief on behalf of her son, however, she must show that she is qualified to act as his next friend. *Id.* at 4. The M&O explained:

> Next friend standing "has long been an accepted basis for jurisdiction in certain circumstances. Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore* [*v. Arkansas*], 495 U.S. [149,] 162 [(1990)] (citations omitted). "A 'next friend' does not himself [or herself] become a party to the habeas corpus action in which he [or she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163.
>
> That being said, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* Rather, the purported next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) show that she is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Id.* (citations omitted); *see also Jiron v. Swift*, 671 Fed. Appx. 705, 706 (10th Cir. Dec. 13, 2016) (unpublished) (stating the requirements for establishing next friend standing). The United States Supreme Court has also recognized that "it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64.
>
> The person seeking next friend status bears the burden "clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at

>164 (citations omitted). Even liberally construing the petition now before this Court, it does not explain why Mr. Knight cannot appear on his own behalf in this federal habeas action, other than broadly alleging that he is a prisoner of war. Thus, if Ms. Knight wishes to proceed in this matter as Mr. Knight's next friend, she must demonstrate to the Court that she meets the requirements to do so. The Court will grant Ms. Knight time to file a written response to this order that clarifies her anticipated role in this case and, if necessary, makes any argument regarding next friend standing. If Ms. Knight fails to timely file a response, she will be dismissed from this matter without further prior notice.

*Id.* at 4-5.

The Court granted Mr. Knight and Ms. Knight time in which to respond to the M&O. *Id.* at 6. It stated:

>If Mr. Knight wishes to proceed on his own behalf, he must submit to the Court a petition that he has signed. . . . If Mr. Knight does not wish to seek federal habeas relief at this time, he should so inform the Court and the matter will be dismissed.
>
>Ms. Knight is directed to inform the Court, in writing, whether she intended the filing of the petition to conclude her participation in this case. If so, she will be removed from the case. If Ms. Knight seeks to bring the petition for federal habeas relief on Mr. Knight's behalf and continue participating in this matter as Mr. Knight's next friend, she must demonstrate to the Court that she should be granted next friend status. In addition, if Ms. Knight seeks next friend status, she should advise the Court whether she intends to retain counsel in this matter.

*Id.* at 6.

All documents mailed to Mr. Knight at the Sedgwick County Detention Center were returned to the Court with the envelopes marked to reflect that Mr. Knight was no longer in custody there at the time they received his mail. (Docs. 3 and 4.) Ms. Knight timely filed her response to the M&O on December 2, 2024. (Doc. 5.) T

The response makes clear that Ms. Knight intends to prosecute this action on behalf of Mr. Knight and she seeks next friend status in order to do so. (Doc. 5, p. 1-2.) After careful consideration of the response and the attachments thereto, however, the Court is not persuaded that Ms. Knight has clearly established that Mr. Knight cannot appear on his own behalf to prosecute

3

this action, as is required for the Court to grant Ms. Knight next friend status. (*See* Doc. 2, p. 4-5.)

Circumstances that have been found to adequately demonstrate that a next friend is necessary because the real party in interest is unable to appear to prosecute a habeas action include when the prisoner was being held in Korea, *see United States ex rel. Toth v. Quarles,* 350 U.S. 11, 13, n. 3 (1955), and when a state court had already held that the "'vulnerability as a result of childhood abuse . . . rendered [the plaintiff] incapable of the maturity and experience necessary to navigate or advocate for her best interests,'" *see Gray v. Acadia Healthcare Co., Inc.*, 2020 WL 5996418, *2-3 (E.D. Okla. Oct. 9, 2020). In this matter, Ms. Knight's response states:

> Petitioner Phyllis M. Knight being the person with consent to execute any and all administrative and judicial affairs on behalf of Petitioner Cotrell Knight, signed the petition, as his parent with "next friend" standing to appear for the person she created, is the property she owns, she "being the person truly dedicated to the best interest of her child" who is unable to access this Court because he has been taken hostage inside the United States, suffering from torture, cruel and inhuman treatment, "serious bodily injury," "severe mental pain and serious physical pain" compelling third person and this government institution to take judicial action pursuant to PUBLIC LAW 117-351—JAN. 5, 2023.

(Doc. 5, p. 1-2 (all errors in original).) By "PUBLIC LAW 117-351—JAN. 5, 2023," the Court believes Ms. Knight is referring to 18 U.S.C. § 2441, which criminalizes war crimes. Subsection (b) of 18 U.S.C. § 2441 was amended by Public Law 117-351, enacted by Congress and approved on January 5, 2023. It does not provide a basis for this Court to act on a federal habeas petition.

At no point in the response does Ms. Knight further explain her assertions that Mr. Knight is being tortured, suffering cruel and inhuman treatment, and suffering physical and mental injury and pain. (*See* Doc. 5, p. 2-18.) Moreover, Mr. Knight is not a minor and Ms. Knight does not allege that Mr. Knight is incompetent. Even liberally construing the response to assert that Mr. Knight is inaccessible, this Court declines to accept Ms. Knight's general assertions of torture and mistreatment as sufficient to show that Mr. Knight is incapable of appearing on his own behalf to

4

prosecute a federal habeas action if he wishes to do so. Thus, the Court denies Ms. Knight's request to proceed as Mr. Knight's next friend, which means that Ms. Knight lacks standing to prosecute this matter. Because Ms. Knight is the sole individual seeking to do so, this Court lacks jurisdiction over this matter and must dismiss it without prejudice.

As a final note, even if Ms. Knight were granted next friend status, this matter would be dismissed because Mr. Knight was extradited to Nebraska on October 30, 2024. (*See* Doc. 5, p. 2-3, 5-8.) The Tenth Circuit has long held that "'once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state.'" *Gee v. State of Kan.*, 912 F.2d 414, 416 (10th Cir. 1990) (quoting *Frisbie v. Collins*, 342 U.S. 519, 522 (1952), and citing *Beachem v. Attorney General of Mo.,* 808 F.2d 1303, 1304 (8th Cir. 1987); *Brown v. Nutsch,* 619 F.2d 758, 763 (8th Cir. 1980); and *United States ex rel. Kelly v. Maroney,* 414 F.2d 1228, 1230 (3d Cir. 1969)). Moreover, "[t]o the extent that [a petitioner] seeks to challenge his pretrial detention [in the demanding state] based on his allegedly illegal extradition to that state, such a claim cannot be pursued in a habeas petition." *Strickland v. Wilson*, 399 F. App'x 391, 395-96 (10th Cir. 2010) (unpublished). Thus, because Mr. Knight has been extradited to Nebraska, habeas review by this Court of the events in Kansas that led to that extradition is not proper. *See Davis v. Barela*, 2008 WL 11451916, *1 (D. N.M. Feb. 1, 2008), *report and recommendation adopted at* 2008 WL 11450526 (D. N.M. Dec. 30, 2008).

In summary, this matter must be dismissed for lack of jurisdiction because there is no indication that Mr. Knight wishes to pursue this federal habeas action and Ms. Knight has not shown that she should be granted next friend status and be allowed to pursue such relief on Mr. Knight's behalf. Thus, Ms. Knight lacks standing to proceed as a next friend of Mr. Knight and

where the sole party seeking relief lacks standing to do so, this Court lacks jurisdiction. *See Whitmore*, 495 U.S. at 166.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for lack of jurisdiction because Cotrell Knight has not indicated any desire to pursue federal habeas relief on his own behalf and Phyllis Knight lacks standing to pursue such relief for him. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
